**Hui ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–2505–ag.**

United States Court of Appeals, Second Circuit.

May 24, 2007.

Michael Brown, New York, NY, for Petitioner.

Stephen J. Murphy, United States Attorney, Daniel L. Lemisch, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROSEMARY S. POOLER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Hui Zheng, a native and citizen of the People's Republic of China, seeks review of a May 12, 2006 order of the BIA affirming the September 17, 2004 decision of Immigration Judge ("IJ") George T. Chew, denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui*

*Zheng,* No. A97–133–074 (B.I.A. May 12, 2006), *aff'g* No. A97–133–074 (Immig. Ct. N.Y. City Sept. 17, 2004).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ In this case, substantial evidence supports the IJ's adverse credibility finding. As the IJ properly noted, Zheng gave different dates as to when his cousin was arrested and when his cousin informed the authorities that Zheng was involved in Falun Gong. The inconsistencies between these dates might, on their own, be considered minor and isolated. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). However, when coupled with Zheng's inconsistent testimony describing when he first learned that his cousin had informed the authorities about his involvement, these inconsistencies provide substantial evidence for the IJ's adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) ("even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder") (citations and internal quotation marks omitted).

Zheng testified that he first learned that his cousin had told the authorities about Zheng's involvement with Falun Gong in April 2003, when his cousin's parents went to visit the cousin in a detention center. When Zheng was asked why, then, he left China the previous month, Zheng indicated that he learned that his cousin informed the authorities in March 2003, when the police came to his home. Although Zheng was given an opportunity to explain this discrepancy, no reasonable factfinder would be compelled to credit his explanation—that he "forgot to mention" the police visit. The IJ, therefore, properly relied on this inconsistency in making his adverse credibility determination. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

■ Finally, the IJ did not err in noting that despite Zheng's assertion that he continues to practice Falun Gong on a weekly basis with "three to four people," none of those people testified on his behalf. An applicant's failure to corroborate his testimony may bear on credibility where the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen,* 471 F.3d at 341; *Zhou Yun Zhang,* 386 F.3d at 78. Here, because the inconsistencies in Zheng's testimony had already diminished the credibility of his account of persecution, the IJ

properly relied on Zheng's lack of corroboration in determining that Zheng failed to rehabilitate his testimony.

■ Although we have noted errors in the IJ's analysis, the IJ's adverse credibility determination was proper-that is, this Court can "confidently predict" that the IJ would adhere to his adverse credibility determination absent the errors that were made. *See Xiao Ji Chen,* 471 F.3d at 339. Substantial evidence, therefore, supports the IJ's adverse credibility determination. Because the only evidence of a threat to Zheng's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Accordingly, we deny the petition for review with respect to Zheng's asylum and withholding of removal claims.

■ Furthermore, Zheng failed to exhaust his CAT claim because he did not challenge the IJ's denial of CAT relief in his brief to the BIA. *See* 8 U.S.C. § 1252(d)(1); *see Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005) (explaining that, in the absence of manifest injustice, petitioners must administratively exhaust the categories of relief they are claiming and the individual issues on which that relief may turn, but not subsidiary legal arguments). As such, we are without jurisdiction to review this claim and dismiss the petition for review to that extent.

Accordingly, Zheng's petition for review is DENIED in part, and DISMISSED in part. The order dated July 21, 2006 granting petitioner's motion for stay of removal is vacated. Petitioner's request for oral argument is denied pursuant to Federal Rule of Appellate Procedure 34(a)(2) and this Court's Local Rule 34(d)(1).